ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FILED-USDC-NDTX-DA
'26 AUG 19 PM1:51

UNITED STATES OF AMERICA

v.

GARRETT DOUGLAS JOHNSON

CRIMINAL NO. 3-26CR-508 S

# INDICTMENT

At all times material to this Indictment:

## Introduction

1. **Garrett Douglas Johnson** was a resident of Dallas, Texas, and Kingston and Edmond, Oklahoma. **Johnson** was sometimes referred to as the manager, owner or partner of the following entities: Federal Employee Services, LLC ("FES"); American Select Partners, LLC ("American Select"); Marina Del Rey, LLC ("Marina Del Rey"), Hard Knox Holdings, LLC ("Hard Knox"), Hilyard Capital, LLC ("Hilyard Capital"); Sloan Ventures, LLC ("Sloan Ventures"); 30Days Holdings, LLC ("30Days Holdings"); JetTexas Oil, LLC ("JetTexas"); Jett Holdings, LLC ("Jett Holdings"); and Blue Duck Energy, LTD ("Blue Duck").

2. American Select operated as a call center selling insurance plans (including health, dental, vision, and life insurance) to individuals on commission.

3. Marina Del Rey was a marina located on the shores of Lake Texoma in Kingston, Oklahoma, that included boat slips (wet and dry), docks, cabin rentals, fuel docks, RV camping sites, a shop/convenience store, and a restaurant.

4. The following were financial institutions within the meaning of 18 U.S.C. § 20 in that they were financial institutions whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC"): Simmons Bank (Landmark Bank); Shamrock Bank; Arvest Bank; Watermark Bank; Texas Capital Bank; CrossFirst Bank now Busey Bank; Encore Bank; Bank7; Texas Republic Bank, N.A.; Happy State Bank (Division of Centennial Bank); Bancorp South (Division of Cadence Bank) now Huntington Bank; American National Bank & Trust; Gateway First Bank; Haviland State Bank recently merged into The Bank of Protection; BOKF, National Association (dba Bank of Texas and dba Bank of Oklahoma); and Blue Sky Bank (collectively, the "financial institutions").

Scheme to Defraud

5. **Johnson**, individually, jointly with his spouse, or through one of the entities listed above in paragraph 1, would apply for loans from the financial institutions or other entities or individuals. In doing so, **Johnson** or others at his direction, would make material misrepresentations, and in many instances, would omit from the loan process material information to the lender. The misrepresentations, generally, included false information and documents indicating he had significant monies held in the trust of a law firm; overstated financial statements and revenue streams; and concerned how the loan proceeds would be used. **Johnson** routinely omitted substantial outstanding loan balances to lenders.

Representative acts in furtherance of the scheme

6. In furtherance of the scheme to defraud, **Johnson**, or others at his direction, committed, among numerous other acts, the following acts in the Northern District of Texas and elsewhere:

7. On or about August 28, 2020, Texas Capital Bank loaned American Select approximately $1,500,000. **Johnson,** among other things, falsely represented that he had approximately $6,632,542 in a trust account held by a law firm. The stated purpose of the loan was to provide funding for general corporate purposes and working capital for American Select. **Johnson** used the loan proceeds to pay off a prior bank loan. **Johnson** also used a $100,000 loan distribution to fund business expenses at Marina Del Rey.

8. On or about December 23, 2021, Happy State Bank loaned Marina Del Rey approximately $9,230,000 to pay off existing loans and fund $3,000,000 to be used towards improvements at the marina, specifically construction or repair of boat slips and docks. **Johnson**, among other things, falsely represented that he had approximately $6,213,378 in a trust account held by a law firm. **Johnson** used approximately $3,000,000 in loan proceeds for the purchase of oil and gas interests and did not improve Marina Del Rey as represented.

9. On or about April 11, 2022, American National Bank & Trust granted to American Select a revolving line of credit for approximately $6,500,000 for timing differences on the collection of accounts receivable. **Johnson**, among other things,

falsely represented that American Select had over $9,000,000 in accounts receivables. **Johnson** also falsely stated that he had approximately $8,713,378.24 in escrowed funds in an account held in a trust account held by a law firm. **Johnson** withdrew the full amount of the revolving line of credit and used most of it to pay off other loans.

10. On or about December 22, 2022, American National Bank & Trust granted to American Select an additional $1,000,000 line of credit for timing differences on the collection of accounts receivable, increasing the total revolving line of credit to American Select to $7,500,000. **Johnson**, among other things, falsely represented that American Select had over $10,000,000 in accounts receivables. **Johnson** withdrew the full amount and used the funds for various purposes including making payment on prior loans and moving more than $100,000 to his personal bank account to pay the IRS.

11. On or about July 8, 2022, Gateway First Bank loaned 30Days Holdings approximately $5,000,000 for working capital. **Johnson**, among other things, falsely represented that he had approximately $8,713,378.24 in a trust account held by a law firm. Johnson also misrepresented that American Select had over $9,000,000 in accounts receivables.

12. In and around December 2022, Individual A agreed to loan $2,500,000 to **Johnson** for the sole purpose of acquiring **Johnson's** partner's interest in Blue Duck. Then Individual A and **Johnson** would be 50% owners of Blue Duck or a successor entity. **Johnson** knew that his partner's interest in Blue Duck was not for sale. **Johnson** took the $2,500,000 in loan proceeds and used the money for other things. **Johnson**

failed to disclose to Individual A that **Johnson** was indebted to others for millions of dollars when this loan was made.

13. Between 2018 and 2024 **Johnson** successfully borrowed over $40,000,000, mostly from financial institutions, that was funded based upon the material misrepresentations and omissions referenced above. In many instances new loans were used to pay off previously acquired fraudulent loans. Ultimately, **Johnson** caused losses to the financial institutions of over $20,000,000 and losses to individuals of over $4,000,000.

## Counts One through Five

Bank Fraud

[Violation of 18 U.S.C. § 1344(1)]

14. The allegations contained in paragraphs 1 through 13 of this Indictment are repeated and realleged as if fully set forth herein.

15. Beginning at least in calendar year 2018, the exact date being unknown to the grand jury, and continuing until at least July of 2024, in the Northern District of Texas and elsewhere, defendant **Garrett Douglas Johnson**, knowingly and with intent to defraud, did devise and execute a scheme and artifice to defraud the financial institutions.

16. On or about the following dates, in the Northern District of Texas and elsewhere, **Johnson** caused the following acts to be committed, each of which constituted an execution of the fraudulent scheme:

| Count | Date | Applicant/Lender | Loan Amount | General description of material misrepresentations and/or material omissions |
|---|---|---|---|---|
| 1 | August 28, 2020 | American Select Partners, LLC/ Texas Capital Bank | $1,500,000 | See ¶ 7 |
| 2 | December 23, 2021 | Marina Del Rey, LLC/ Happy State Bank | $9,230,000 | See ¶ 8 |
| 3 | April 11, 2022 | American Select Partners, LLC/ American National Bank & Trust | $6,500,000 | See ¶ 9 |
| 4 | December 22, 2022 | American Select Partners, LLC/ American National Bank & Trust | $1,000,000 | See ¶ 10 |

| Count | Date | Applicant/Lender | Loan Amount | General description of material misrepresentations and/or material omissions |
|---|---|---|---|---|
| 5 | July 8, 2022 | 30Days Holdings, LLC/ Gateway First Bank | $5,000,000 | See ¶ 11 |

Each in violation of 18 U.S.C. § 1344(1).

## Count Six
Wire Fraud
[Violation of 18 U.S.C. § 1343]

17. The allegations contained in paragraphs 1 through 13 of this Indictment are repeated and realleged as if fully set forth herein.

18. Beginning at least in calendar year 2018, the exact date being unknown to the grand jury, and continuing until at least July of 2024, in the Northern District of Texas and elsewhere, defendant **Garrett Douglas Johnson** knowingly and with intent to defraud, devised and intended to devise the scheme to defraud described above, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, on or about December 28, 2022, transmitted and caused to be transmitted by means of a wire communication in interstate commerce a writing, sign, signal, picture and sound, to wit: a wire transfer of $2,500,000 from Individual A's Capitol Federal Savings account ending #2600 located in Kansas through the Northern District of Texas to Johnson's BOKF, National Association account ending #8687 in the name of American Select Partners, LLC, in violation of 18 U.S.C. § 1343.

Notice of Forfeiture
18 U.S.C. § 982(a)(2)

19. Upon conviction for any offense charged in Counts One through Six of this Indictment, pursuant to 18 U.S.C. § 982(a)(2), the defendant, **Garrett Douglas Johnson**, shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the respective offense.

20. Pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), if any of the above property subject to forfeiture, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States of America to seek forfeiture of any other property of the defendant up to the value of the above-described property subject to forfeiture.

[No further information on this page]

A TRUE BILL

FOREPERSON

RYAN RAYBOULD
UNITED STATES ATTORNEY

CHAD E. MEACHAM
Assistant United States Attorney
Texas Bar Number 00784584
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Fax: 214-659-8805
Email: chad.meacham@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

GARRETT DOUGLAS JOHNSON

---

INDICTMENT

18 U.S.C. § 1344(1)
Bank Fraud
(Counts 1-5)

18 U.S.C. § 1343
Wire Fraud
(Count 6)

18 U.S.C. § 982(a)(2)
Notice of Forfeiture

6 Counts

---

A true bill rendered

------------------------------------------------------------

DALLAS FOREPERSON

Filed in open court this 19th day of August, 2026.

------------------------------------------------------------

**Warrant to be Issued**

------------------------------------------------------------

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending